UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CASE NO. 20-CR-00383-RPK

UNITED STATES OF AMERICA,

Plaintiff,

v.

PETER WEINZIERL,

Defendant.

# DEFENDANT'S MOTION TO TAKE DEPOSITIONS UNDER FEDERAL RULE OF CRIMINAL PROCEDURE 15

Defendant Peter Weinzierl ("Mr. Weinzierl"), through undersigned counsel, moves under Federal Rule of Criminal Procedure 15 seeking leave of Court to take depositions abroad of eight foreign, unavailable witnesses whose testimony is material and highly probative to his defense. The Rule 15 depositions are both warranted and necessary to avoid a failure of justice in this case.

## I. INTRODUCTION

On September 18, 2020, a Grand Jury in this District returned an Indictment charging Mr. Weinzierl with conspiracy to commit money laundering, international promotional money laundering, and engaging in monetary transactions in criminally derived property. Indictment, ECF No. 1. The Government alleges that between approximately 2006 and 2016, Mr. Weinzierl, then CEO of an Austrian financial institution ("Foreign Bank 1"),

assisted Odebrecht S.A. execute sham financial transactions to create off-book, slush funds that were used to pay bribes and evade Brazilian taxes. Indictment, ECF No. 1.

The Indictment describes a complex international scheme involving numerous shell companies, foreign banks, and transactions routed through New York financial institutions. Central to the Government's theory is that Mr. Weinzierl knowingly participated in fraudulent "back-to-back" agreements and that Foreign Bank 2—an Antigua-based bank—was used as a conduit for laundering and investing illicit funds.

Mr. Weinzierl disputes these allegations. His defense will, in part, show that he did not knowingly participate in any illicit activity. To present this defense, the testimony of eight foreign individuals with firsthand knowledge of the operations, structure, and business practices of the relevant banks and counterparties is essential. The eight witnesses Mr. Weinzierl seeks to depose are (1) Astrid Mahoric; (2) Guenter Weiss; (3) Judit Resch; (4) Matvei Hutman; (5) Wolfgang Lafite; (6) Jasna Zwitter-Tehovnik; (7) Samira Softic; and (8) Georg Freimuller.

As further detailed below, each of these foreign persons has relevant knowledge and information concerning the legitimacy of the transactions, internal controls, and/or the historical operations of Foreign Bank 1 and Foreign Bank 2. Their testimony will materially support Mr. Weinzierl's defense and will rebut key allegations in the Indictment. None of these

individuals reside in the United States — all are Austrian nationals and European residents, falling beyond this Court's subpoena power. All have refused to travel to the United States to testify at trial.

## II. LEGAL STANDARD

Under Federal Rule of Criminal Procedure 15(a), a court may grant a motion to take depositions "because of exceptional circumstances and in the interest of justice." It is within the discretion of the trial court to determine whether "exceptional circumstances" and "the interest of justice" exist. *United States v. Johnpoll*, 739 F.2d 702, 708 (2d Cir. 1984).

"To demonstrate that exceptional circumstances exist, the movant must show that (1) the prospective witness is unavailable for trial, (2) the witness' testimony is material, and (3) the testimony is necessary to prevent a failure of justice. *United States v. Grossman*, No. S2 03 CR. 1156 (SHS), 2005 WL 486735, at *2 (S.D.N.Y. Mar. 2, 2005) (citation omitted). Courts may accept the assertions of counsel on facts relating to availability and materiality. *See United States v. Vilar*, 568 F. Supp. 2d 429, 438 (S.D.N.Y. 2008). Testimony is material if it is highly relevant to a central issue in the case. *See id.* at 440 (citing *Grossman*, 2005 WL 486735, at *3). Stated differently, the materiality prong assesses whether the proposed testimony is "essential or critical to the defense, exculpatory or capable of negating an element of the government's case, or is instead cumulative or merely corroborative." *United States v. Khan*, No. 06-cr-*255 (DLI),* 2008 WL 2323375, at *4 (E.D.N.Y. June 2, 2008). It is

well-settled that a Rule 15 deposition is necessary to prevent a "failure of justice" where unavailability and materiality are present. *Grossman*, 2005 WL 486735, at *3.

## III. Argument

### A. The Witnesses Are Unavailable

All the proposed deponents reside outside the United States and are not subject to this Court's subpoena power. *See* Fed. R. Crim. P. 17(e)(2); 28 U.S.C. § 1783. Many are Austrian citizens and former employees of institutions located in Austria or Antigua. They are not parties to the case, are not represented by counsel in the United States, and all have affirmatively declined to travel to the U.S. for the trial based on varying reasons, including age, professional obligations, and legal advice.

More specifically:

| **Witness** | **Nationality** | **Subject to Subpoena Power** | **Response to Voluntary Travel Request** |
|---|---|---|---|
| Astrid Mahoric | Austrian | No | Refused |

| | | | |
|---|---|---|---|
| Matvei Hutman | Austrian | No | Refused |
| Georg Freimuller | Austrian | No | Refused |

This Court can and should accept counsel's above-detailed assertions, which are made in good faith. *See Vilar*, 568 F. Supp. 2d at 438; *United States v. Rossy*, No. 22-CR-550-02, 2023 WL 8520732, at *2 (S.D.N.Y. Dec. 8, 2023) (although "[a] movant must provide specific reasons for a witness unavailability," there is no precedent requiring "any particular documentary evidence" to establish unavailability under Rule 15).

Unavailability is ultimately judged by a "practical standard of whether under the circumstances the [movant] has made a good-faith effort to produce the person to testify at trial." *United States v. Johnpoll*, 739 F.2d 702, 709 (2d Cir. 1984). Here, all the witnesses live outside the range of compulsory process, and Mr. Weinzierl's good faith efforts to secure their presence at trial have failed. "Foreign witnesses who are not subject to the government's subpoena power and, despite the moving party's appropriate efforts, refuse to travel to [the United States] to testify routinely are found unavailable." *See United States v. Abu Ghayth*, No. S14 98 Crim. 1023 (LAK), 2014 WL 144653,

at *2 (S.D.N.Y. Jan. 15, 2014); *United States v. HWA*, Case No. 18-CR-538 (MKB), 2021 WL 11723583, at *44 (E.D.N.Y Sep. 3, 2021) (collecting cases) (same). The "unavailability" requirement is, therefore, satisfied as to those witnesses. *See* Fed. R. Crim. P. 17(e)(2) ("If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service."); 28 U.S.C. § 1783(a); *United States v. Korlokov*, 870 F. Supp. 60, 65 (S.D.N.Y. 1994) ("The Government is unable to compel the attendance of any of these witnesses at trial at New York. As there are not citizens of the United States and do not reside here, they are not amenable to United States subpoenas."); *cf. United States v. Pham*, 2015 WL 7871348, at *1 (S.D.N.Y. Dec. 4, 2015) (finding unavailability where witnesses were abroad and outside subpoena power); *United States v. Sindona*, 636 F.2d 792, 803 (2d. Cir. 1980) (Rule 15's exceptional circumstances satisfied when the witness was not subject to subpoena and lacked the necessary approvals to enter the United States); *United States v. Sun Myung Moon*, 93 F.R.D. 558, 559-60 (S.D.N.Y. 1982) ("The 120 witnesses whom the defendants seek to depose are also unavailable within the meaning of Rule 15. These individuals are neither presently residing in the United States nor subject to the subpoena power of this Court and are purportedly unable, or unwilling, for various reasons, to come to the United States.").

B. THE WITNESSES' TESTIMONY IS MATERIAL

The anticipated testimony of each of the witnesses is material, going to the heart of the charges against Mr. Weinzierl. This Court may evaluate the

materiality of proposed testimony by relying on counsel's representations below. *See United States v. Mohamed*, No. 18-CR-603 (ARR), 2020 WL 1545522, at *2 (E.D.N.Y. Apr. 1, 2020). And Mr. Weinzierl should not be penalized for being accused of crimes that largely took place overseas where witnesses are reluctant to travel thousands of miles.

Generally, the witnesses were either:

- involved in the negotiation, drafting, or execution of the contracts the government alleges were "sham" agreements;
- responsible for due diligence, regulatory, or operational oversight at Foreign Bank 1 or Foreign Bank 2;
- direct participants in transactions now labeled "suspicious" by the government; and/ or
- recipients or senders of contemporaneous communications reflecting

  the legitimate business rationale behind the disputed transactions.

The witnesses' testimony will help establish that the services contracted for were real, the banking transactions were properly accounted for, and that Mr. Weinzierl's understanding of their purpose was not criminal. Courts have repeatedly found such testimony to be "material" under Rule 15. See *United States v. Vilar*, 568 F. Supp. 2d 429, 440 (S.D.N.Y. 2008).

The materiality and probative value of their anticipated testimony is more specifically detailed below.

1. *Astrid Mahoric*

Astrid Mahoric ("Ms. Mahoric") is co-defendant and alleged co-conspirator Alexander Waldstein ("Mr. Waldstein")'s executive assistant. As such, Ms. Mahoric served as an intermediary between representatives of Odebrecht SA and Mr. Waldstein. Particularly, and by her own testimony to Austrian authorities and representations to Mr. Weinzierl's previous attorneys she will have testimony pertinent to the alleged conspiracy, its overt acts, and Mr. Waldstein and Mr. Weinzierl's culpability (or lack thereof). Specifically, she wrote emails dictated directly by Mr. Waldstein—who is also unavailable for testimony due to illness and inability to travel from Austria—pirators. *See Indictment* ¶¶ 40–45. Ms. Mahoric's anticipated testimony is material and important to Mr. Weinzierl's defense. For example, Ms. Mahoric will testify that all directions and communications with the alleged co-conspirators was conducted through Mr. Waldstein. Ms. Mahoric will also testify that attorneys were involved and drafted all the agreements discussed in the Government's indictment. Ms. Mahoric's testimony will also encompass general information on the process and procedures of how approvals were processed and how they were conducted through the bank.

2. *Matvei Hutman*

Matvei Hutman ("Mr. Hutman") was the head of the Private Client and Asset Management function at Foreign Bank 1. From mid-2013, he also succeeded Mr. Waldstain on Foreign Bank 2's Board of Directors. Mr. Hutman is presumably knowledgeable about interactions with Alexander Smirnov and unsuccessful business development attempts involving Foreign Bank 2 and identified Brazilian co-conspirators. His anticipated testimony is material insofar as he is able to testify will be about the standard process for approval of the deals at issue in this case. In addition, Mr. Hutman will be able to testify about the involvement and workings of Meinl Bank Antigua and the extent of Mr. Weinzierl's involvement in the operations of that Bank. *See United States v. Bronston*, 321 F. Supp. 1269, 1272 (S.D.N.Y. 1971) ("it is not necessary that defendant show the testimony will surely acquit him."). Mr. Hutman provided at least one interview already to Austrian authorities.

3. *Georg Freimuller*

Georg Freinmuller ("Mr. Freinuller") was the receiver for Foreign Bank 1 during its liquidation. His anticipated testimony would cover historic documents (potentially documents not otherwise authenticable by the parties), Foreign Bank 1's systems (which are no longer available), transactions data, accounting data, and earnings data. His testimony is material to both parties in this case and will also aid with authentication of emails should the government decline to stipulate to the authenticity of Foreign Bank 1's emails.

Finally, Mr. Freimuller will be able to testify about a deliberate and intentional deletion of all emails regarding a significant participant in the Odebrecht relationship.

C. <u>THE DEPOSITIONS ARE NECESSARY TO PREVENT A FAILURE OF JUSTICE</u>

When, as here, a witness is unavailable and the testimony is material, the "failure of justice" prong is typically satisfied. *See United States v. Mohamed*, No. 18-CR-603 (ARR), 2020 WL 1545522, at *7 (E.D.N.Y. Apr. 1, 2020); *Vilar*, 568 F. Supp. 2d at 442 (quoting *United States v. Drogoul*, 1 F.3d 1546, 1556 (11th Cir. 1993) ("[W]hen a substantial likelihood exists that the prospective deponents will be unavailable for the trial and their testimony is highly relevant to a central issue in the case, justice generally requires preservation of that testimony.")). Mr. Weinzierl, if convicted, faces a natural-life sentence. The absence of these witnesses from trial would deprive Mr. Weinzierl of a meaningful opportunity to present a defense. *See United States v. Epskamp*, No. 12 Cr. 120 (RJS), 2013 WL 12175097, at *1 (finding proposed testimony material because, if believed by the jury, the testimony would negate intent and be "highly relevant to a central issue in the case"). No alternative method exists to obtain their testimony. What's more, almost all witnesses are overseas. The government's case is entirely based on testimony of foreign persons. Mr. Weinzierl's defense will be largely comprised of foreign persons, but Mr. Weinzierl does not have the government's power to obtain witnesses

favorable to his defense. Rule 15 is the only avenue he has to obtaining testimony that will contradict the government's case.

The enormous volumes of discovery in this case further necessitate these depositions. Indeed, the Government recently produced ***1.7 TB*** of data containing incomplete native files. Most of the produced records and communications are in foreign languages (Portuguese and German). Moreover, some of the produced data engenders authenticity concerns.

Finally, the depositions will not delay trial or prejudice the Government. As of the filing of this Motion, trial has not been set, however, the defense is seeking a November trial date. There is adequate time to take the depositions. *See Epskamp*, 2013 WL 12175097 at *2 (Rule 15 deposition was in the interests of justice where defendant could be "substantial[ly]" prejudiced if the motion were denied); *Grossman*, 2005 WL 486735, at *4 (granting motion to take Rule 15 deposition a month before trial was scheduled to commence). Defense counsel is prepared to work with the Government and Court to schedule these depositions promptly and in accordance with all applicable legal and diplomatic protocols. The Government will be given full notice and an opportunity to participate in the depositions.

## IV. CONCLUSION

Mr. Weinzierl requests that this Court grant this motion and authorize the taking of Rule 15 depositions for the eight foreign witnesses identified above.

Respectfully submitted,

**STUMPHAUZER KOLAYA NADLER & SLOMAN, PLLC**
Two South Biscayne Boulevard,
Suite 1600
Miami, FL 33131
Telephone: (305) 614-1400
Facsimile: (305) 614-1425

/s/ *Michael B. Nadler*
Michael B. Nadler
Fla. Bar No. 51264
mnadler@sknlaw.com

## CERTIFICATE OF SERVICE

I certify that on August 11, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, causing a copy to be served on counsel of record.